UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ANNIKA KRYSTYNA,

                Plaintiff,

vs.

BRONX-LEBANON HOSPITAL CENTER, NY
NEUROSURGERY P.C., NARAYAN
SUNDARESAN, KENNETH SUNDARESAN,
SINDHAGHATTA VENKATRAM, SRIDHAR
CHILIMURI, and DR. DAVID JAKUBOWICZ,
individually,

                Defendants.

------------------------------------x

**ANSWER TO FIRST AMENDED COMPLAINT**

Docket No. 1:16-cv-5100 (AT)(DCF)

Defendants, Bronx-Lebanon Hospital Center (the "Hospital"), NY Neurosurgery P.C. ("P.C."), Dr. Narayan Sundaresan, Kenneth Sundaresan, Dr. Sindhaghatta Venkatram, Dr. Sridhar Chilimuri, and Dr. David Jakubowicz, by their attorneys, Garfunkel Wild, P.C., for their Answer to Plaintiff Annika Krystyna's First Amended Complaint, dated June 15, 2017, allege as follows:

## PRELIMINARY STATEMENT

1.    Deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff is seeking damages under Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law.

4505375v.3

## JURISDICTION AND VENUE

2.  Neither admit nor deny the allegations contained in Paragraph 2 of the Complaint, because they contain legal conclusions to which no response is required, but deny that Plaintiff has any right to recover thereunder.

3.  Neither admit nor deny the allegations contained in Paragraph 3 of the Complaint, because they contain legal conclusions to which no response is required, but deny that Plaintiff has any right to recover thereunder.

4.  Neither admit nor deny the allegations contained in Paragraph 4 of the Complaint, because they contain legal conclusions to which no response is required.

## ADMINISTRATIVE PREREQUISITES

5.  Deny the allegations contained in paragraph 5 of the Complaint, and respectfully refer the Court to the referenced EEOC documents for their true and correct terms, and legal effect, if any.

## TRIAL BY JURY

6.  Neither admit nor deny the statements contained in Paragraph 6 of the Complaint because they do not allege facts to which a response is required.

## PARTIES

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.  Admit the allegations contained in paragraph 8 of the Complaint.

9.  Admit the allegations contained in paragraph 9 of the Complaint.

10. Admit the allegations contained in paragraph 10 of the Complaint

11. Admit the allegations contained in paragraph 11 of the Complaint.

4505375v.3

12. Admit the allegations contained in paragraph 12 of the Complaint.

13. Admit the allegations contained in paragraph 13 of the Complaint.

14. Admit the allegations contained in paragraph 14 of the Complaint.

15. Admit the allegations contained in paragraph 15 of the Complaint.

## STATEMENT OF FACTS

16. Admit the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint, except affirmatively state that Plaintiff began her employment with the Hospital as a house physician starting in or about September 2012.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint, except admit that Plaintiff received compensation from the Hospital, and occasionally from the P.C.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

4505375v.3

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint, except admit that the Hospital received communications regarding Plaintiff and respectfully refer the Court to the alleged communications for their contents and legal effects, if any.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint, except admit that Plaintiff is compensated by the Hospital for the services she renders and respectfully refer the Court to the Hospital's wage records for the exact amount.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint, and respectfully refer the Court to the alleged Hospital policy for its true and correct terms, and legal effect, if any.

47. Deny the allegations contained in paragraph 47 of the Complaint.

-4-

4505375v.3

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint, and respectfully refer the Court to the referenced EEOC Charge for its true and correct terms, and legal effect, if any.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint, except admit only that Defendant Kenneth Sundaresan assisted the Hospital with Plaintiff's administrative and payroll issues from December 2015 to May 2017.

53. Deny the allegations contained in paragraph 53 of the Complaint, except admit that Plaintiff primarily received compensation from the Hospital, and occasionally from the P.C.

54. Deny the allegations contained in paragraph 54 of the Complaint, except admit that Plaintiff had received an IRS Form 1099 for her income earned from the P.C.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint, except admit only that some of the administrative staff in Dr. Sundaresan's division also work for the P.C.

60. Deny the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint, except admit that Plaintiff used her accrued time off both prior to, and after commencement of, her lawsuit.

4505375v.3

62. Deny the allegations contained in paragraph 62 of the Complaint, and respectfully refer the Court to the referenced work schedule for its true and correct terms, and legal effect, if any.

63. Deny the allegations contained in paragraph 63 of the Complaint, and respectfully refer the Court to the referenced work schedule for its true and correct terms, and legal effect, if any.

64. Deny the allegations contained in paragraph 64 of the Complaint.

65. Deny the allegations contained in paragraph 65 of the Complaint.

66. Deny the allegations contained in paragraph 66 of the Complaint, except admit that Plaintiff refused to work her assigned schedule in May 2017.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint, except admit that, when Plaintiff refused to work her assigned schedule in May 2017, Plaintiff was terminated by the Hospital.

## FIRST CAUSE OF ACTION

69. In response to paragraph 69 of the Complaint, Defendants repeat and re-allege the above answers as if fully set forth herein.

70. Neither admit nor deny the allegations contained in paragraph 70 of the Complaint, because they contain legal conclusions to which no response is required.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

4505375v.3

## SECOND CAUSE OF ACTION

74. In response to paragraph 74 of the Complaint, Defendants repeat and re-allege the above answers as if fully set forth herein.

75. Neither admit nor deny the allegation contained in paragraph 75 of the Complaint because they contain legal conclusions to which no response is required.

76. Deny the allegations contained in paragraph 76 of the Complaint.

77. Deny the allegations contained in paragraph 77 of the Complaint.

78. Deny the allegations contained in paragraph 78 of the Complaint.

## THIRD CAUSE OF ACTION

79. In response to paragraph 79 of the Complaint, Defendants repeat and re-allege the above answers as if fully set forth herein.

80. Neither admit nor deny the allegation contained in paragraph 80 of the Complaint as it purports to assert a legal conclusion to which no response is necessary.

81. Deny the allegations contained in paragraph 81 of the Complaint.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Deny the allegations contained in paragraph 84 of the Complaint.

## FOURTH CAUSE OF ACTION

85. In response to paragraph 85 of the Complaint, Defendants repeat and re-allege the above answers as if fully set forth herein.

86. Neither admit nor deny the allegations contained in paragraph 86 of the Complaint, because they contain legal conclusions to which no response is required.

87. Deny the allegations contained in paragraph 87 of the Complaint.

4505375v.3

88. Deny the allegations contained in paragraph 88 of the Complaint.

89. Deny the allegations contained in paragraph 89 of the Complaint.

## FIFTH CAUSE OF ACTION

90. In response to paragraph 90 of the Complaint, Defendants repeat and re-allege the above answers as if fully set forth herein.

91. Neither admit nor deny the allegations contained in paragraph 91 of the Complaint, because they contain legal conclusions to which no response is required.

92. Deny the allegations contained in paragraph 92 of the Complaint.

93. Deny the allegations contained in paragraph 93 of the Complaint.

94. Deny the allegations contained in paragraph 94 of the Complaint.

## SIXTH CAUSE OF ACTION

95. In response to paragraph 95 of the Complaint, Defendants repeat and re-allege the above answers as if fully set forth herein

96. Neither admit nor deny the allegations contained in paragraph 96 of the Complaint, because they contain legal conclusions to which no response is required.

97. Deny the allegations contained in paragraph 97 of the Complaint.

98. Deny the allegations contained in paragraph 98 of the Complaint.

99. Deny the allegations contained in paragraph 99 of the Complaint.

100. Deny the allegations contained in paragraph 100 of the Complaint.

4505375v.3

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

101. Defendants took no adverse employment action against Plaintiff in violation of any federal, state, and/or city laws, rules, regulations, statutes and/or ordinances, including, but not limited to, Title VII and the NYCHRL.

### SECOND AFFIRMATIVE DEFENSE

102. Pursuant to the *Faragher–Ellerth* defense, Plaintiff's Title VII and NYCHRL claims should be dismissed because Plaintiff's employer exercised reasonable care to prevent and correct promptly any inappropriate and/or harassing behavior, and Plaintiff unreasonably failed to avail herself of corrective opportunities that employer offered.

### THIRD AFFIRMATIVE DEFENSE

103. Plaintiff cannot maintain her alleged gender discrimination and/or retaliation claims under Title VII and the NYCHRL because Plaintiff did not suffer any adverse employment action related to her gender or as a result of her purported complaints of harassment or discrimination.

### FOURTH AFFIRMATIVE DEFENSE

104. Plaintiff cannot maintain her alleged hostile work environment claims under Title VII and the NYCHRL because she cannot establish that her workplace was permeated with discriminatory intimidation sufficiently severe or pervasive to alter the conditions of her work environment.

4505375v.3

## FIFTH AFFIRMATIVE DEFENSE

105. Plaintiff cannot maintain her alleged retaliation claims under Title VII and the NYCHRL because Defendants' decisions and actions concerning Plaintiff were based on legitimate, non-discriminatory reasons.

## SIXTH AFFIRMATIVE DEFENSE

106. Plaintiff's gender discrimination claims under Title VII and the NYCHRL must be dismissed because Defendants' decisions and actions concerning Plaintiff were based on legitimate, non-discriminatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

107. Plaintiff's gender discrimination claims under Title VII and the NYCHRL must be dismissed because Plaintiff cannot establish that she was treated less favorably than similarly situated employees.

## EIGHTH AFFIRMATIVE DEFENSE

108. Plaintiff cannot recover punitive damages under Title VII or the NYCHRL against Defendants because Defendants acted in good faith and did not engage in any of the alleged malicious or reckless acts of discrimination or retaliation.

## NINTH AFFIRMATIVE DEFENSE

109. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrines of waiver, laches, and estoppel.

## TENTH AFFIRMATIVE DEFENSE

110. The Court lacks jurisdiction over Plaintiff's claims to the extent they were not encompassed within Plaintiff's EEOC charge and/or any administrative investigations thereof.

4505375v.3

## ELEVENTH AFFIRMATIVE DEFENSE

111. The Court lacks jurisdiction over Plaintiff's federal claims against the individual defendants because they were not named in the EEOC charge.

## TWELFTH AFFIRMATIVE DEFENSE

112. Plaintiff has failed to assert any claims against the individual defendants that would allow for individual liability under the NYCHRL.

## THIRTEENTH AFFIRMATIVE DEFENSE

113. Plaintiff's claims against the individual defendants are barred because Plaintiff cannot establish that the Hospital or P.C. violated any federal, state, and/or city laws, rules, regulations, statutes and/or ordinances, including, but not limited to, Title VII and the NYCHRL.

## FOURTEENTH AFFIRMATIVE DEFENSE

114. Plaintiff's claims are barred under the faithless servant doctrine.

**WHEREFORE**, Defendants Bronx-Lebanon Hospital Center, NY Neurosurgery, P.C., Dr. Narayan Sundaresan, Kenneth Sundaresan, Dr. Sindhaghatta Venkatram, Dr. Sridhar Chilimuri, and Dr. David Jakubowicz respectfully ask that the Court enter judgment dismissing all claims against them and awarding such other and further relief that the Court deems just and proper, including, but not limited to, an award to Defendants of their attorneys' fees, costs, and disbursements incurred in defending against this action.

4505375v.3

## JURY DEMAND

Pursuant to the Federal Rule of Civil Procedure 38, Defendants hereby demand a trial by jury of all issues so triable hereunder.

Dated: Great Neck, New York
       August 7, 2017

                                  GARFUNKEL WILD, P.C.
                                  *Attorneys for Defendants*

                                  By: */s/ Jason Hsi*
                                        Roy Breitenbach, Esq.
                                        Jason Hsi, Esq.
                                  111 Great Neck Road, 6th Floor
                                  Great Neck, New York 11021
                                  (516) 393-2200

TO:   Walker G. Harman, Jr., Esq.
       Owen H. Laird, Esq.
       THE HARMAN FIRM, LLP
       *Attorneys for Plaintiff*
       220 Fifth Avenue, Suite 900
       New York, New York 1007
       (212) 791-5396